641 So.2d 343 (1994)
In re FLORIDA RULES OF CIVIL PROCEDURE, FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS, AND PROPOSED FLORIDA RULES FOR COURT-APPOINTED ARBITRATORS.
No. 82320.
Supreme Court of Florida.
April 14, 1994.
Lawrence M. Watson, Jr., Chair, Mediation and Arbitration Rules Committee, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Orlando, for petitioner.
Stephan W. Carter, County Court Judge, Orange County, Orlando, on behalf of Conference of County Court Judges of FL.
Mark Hicks, Hicks, Anderson & Blum, P.A., Miami, on behalf of Physicians Protective Trust Fund, Tudor Ins. Co., Travelers Indem. Co., Western World Ins. Group, and Church Mutual Ins. Co.
Alan L. Landsberg, Law Offices of Alan L. Landsberg, Hollywood, on behalf of ITT Hartford.
Jack William Shaw, Jr., Jacksonville, on behalf of FL Defense Lawyers' Ass'n.
Todd Hogan, Vice-President, Claims Legal Services, Hollywood, on behalf of CNA Ins. Companies.
Henry P. Trawick, Jr., as a member of FL Bar, Sarasota, responding.

CORRECTED OPINION
PER CURIAM.
The Florida Supreme Court Standing Committee on Mediation and Arbitration Rules petitions this Court to amend the Florida Rules of Civil Procedure and the Florida Rules for Certified and Court-Appointed Mediators, and to create the Florida Rules for Court-Appointed Arbitrators. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
The proposed amendments were advertised and the Court received comments from interested parties. The Committee recommends that Florida Rule of Civil Procedure 1.720(b) be amended to more narrowly define the scope of settlement authority a representative of an involved insurance carrier must bring to the mediation conference. The insurance carriers who commented on the amendment argue that it is both cost prohibitive and logistically impractical for insurance companies to send their highest level decision makers to every mediation proceeding involving a company policy. We believe, however, that the insurance companies' concerns are partially allayed by the provision which allows the court to provide relief from the appearance requirement upon proper motion. Because the mediation process has proven to be most successful when the parties are physically present and fully prepared to settle, we adopt the Committee's amendment to rule 1.720(b).
The Committee, in conjunction with the Conference of County Court Judges of Florida, also proposes that rule 1.750 be amended to apply to the mediation of county court actions. The proposed amendment sets forth the guidelines for referring cases to mediation, appointment of the mediator, and the appearance requirements for small claims actions and other county court actions.
The Rules for Certified and Court-Appointed Mediators have been amended to place mediator certification exclusively within the jurisdiction of the Florida Supreme Court. In addition, a Mediator Qualifications Advisory Panel will be created to provide mediators with interpretations of the rules and guidance on standards of conduct.
We also accept the Committee's recommendation that we adopt Rules for Court-Ordered Arbitrators. As stated in the preamble to Rule for Court-Appointed Arbitrators 11.030, the rules are intended to instill and promote public confidence in arbitration and to be a guide to arbitrator conduct. The rules establish the standards of professional conduct, the professional and educational qualifications for arbitrators, and the procedural rules to be followed in arbitration. We believe that the creation of these rules will benefit both the parties and the arbitrators in improving the efficiency and the effectiveness *344 of this alternative dispute resolution process.
Accordingly, we adopt the amendments to the Florida Rules of Civil Procedure, Florida Rules for Certified and Court-Appointed Mediators, and the new Florida Rules for Court-Appointed Arbitrators as reflected in the appendix of this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. These rules shall become effective July 1, 1994.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

APPENDIX

FLORIDA RULES OF CIVIL PROCEDURE

RULE 1.700 RULES COMMON TO MEDIATION AND ARBITRATION

(a) Referral by Presiding Judge or by Stipulation.
Except as hereinafter provided or as otherwise prohibited by law, the presiding judge may enter an order any contested civil matter or selected issues referred to mediation or arbitration referring all or any part of a contested civil matter to mediation or arbitration. The parties to any contested civil matter may file a written stipulation to mediate or arbitrate any issue between them at any time. Such stipulation shall be incorporated into the order of referral.

...
(2) Notice. Within 1015 days after the order of referral the designation of the mediator or the arbitrator, the court or its designee, who may be the mediator or the chief arbitrator, shall notify the parties in writing of the date, time, and place of the conference or hearing unless the order of referral specifies the date, time, and place.

(b) Motion to Dispense with Mediation and Arbitration.
A party may move, within 15 days after the order of referral, to dispense with mediation or arbitration if:
(1) the issue to be considered has been previously mediated or arbitrated between the same parties pursuant to Florida law;
(2) the issue presents a question of law only;
(3) the order violates rule 1.710(b) or rule 1.800; or
(4) other good cause is shown.

... .

RULE 1.710 MEDIATION RULES

... .
(b) Exclusions from Mediation. The following actions shall not be referred to mediation except upon petition of all parties A civil action shall be ordered to mediation or mediation in conjunction with arbitration upon stipulation of the parties. A civil action may be ordered to mediation or mediation in conjunction with arbitration upon motion of any party or by the court, if the judge determines the action to be of such a nature that mediation could be of benefit to the litigants or the court. Under no circumstances may the following categories of actions be referred to mediation:

(1) Appeals from rulings of administrative
 agencies.
(2) (1) Bond estreatures.
(3) Forfeitures of seized property
(4) (2) Habeas corpus and extraordinary writs.
(5) (3) Bond validations.
(4) Civil or criminal contempt; or
(6) Declaratory relief.
(7) (5) Other matters as may be specified by
 administrative order of the chief judge
 in the circuit.

*345 (c) Discovery. Discovery may continue throughout mediation. Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.

Committee Note
The Supreme Court Committee on Mediation and Arbitration Rules encourages crafting a combination of dispute resolution processes without creating an unreasonable barrier to the traditional court system.

RULE 1.720 MEDIATION PROCEDURES

...
(b) Sanctions for Failure to Appear. If a party fails to appear at a duly noticed mediation conference without good cause, the court upon motion shall impose sanctions, including an award of mediator and attorneys' fees and other costs, against the party failing to appear. If a party to mediation is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, that party shall be deemed to appear at a mediation conference by the physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity. Otherwise, unless stipulated by the parties or changed by order of the court, a party is deemed to appear at a mediation conference if the following persons are physically present:
(1) The party or its representative having full authority to settle without further consultation.
(2) The party's counsel of record, if any.
(3) A representative of the insurance carrier for any insured party who is not such carrier's outside counsel and who has full authority to settle up to the amount of the plaintiff's last demand or policy limits, whichever is less, without further consultation.

RULE 1.750 SMALL CLAIMS COUNTY COURT ACTIONS
(a) Applicability. This rule, applies to the mediation of small claims county court matters and issues only and controls over conflicting provisions in rules 1.700, 1.710, 1.720, and 1.730.
(b) Limitation on Referral to Mediation. When a mediation program utilizing volunteer mediators is unavailable or otherwise inappropriate, county court matters may be referred to a mediator or mediation program which charges a fee. Such order of referral shall advise the parties that they may object to mediation on grounds of financial hardship or on any ground set forth in Rule 1.700(2)(b). If a party objects, mediation shall not be conducted until the court rules on the objection. The court may consider the amount in controversy, the objecting party's ability to pay and any other pertinent information in determining the propriety of the referral. When appropriate, the court shall apportion mediation fees between the parties.
(b)(c) Scheduling. In small claims actions, Tthe mediator shall be appointed and the mediation conference held during or immediately after the pretrial conference unless otherwise ordered by the court. In no event shall the mediation conference be held more than 14 days after the pretrial conference.
(d) Appointment of the Mediator. In county court actions not subject to the Florida Small Claims Rules, rule 1.720(f) shall apply unless the case is sent to a mediation program provided at no cost to the parties.
(c)(e) Settlement Authority Appearance at Mediation. If a party gives counsel or another representative authority to settle the matter, the party need not appear in person. Counsel or other representative may speak for the party in the mediation conference. In small claims actions, an attorney may appear on behalf of a party at mediation provided that the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party's signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear in person. In any other county court action, a party will *346 be deemed to appear if the persons set forth in rule 1.720(b) are physically present.
(d)(f) Agreement. Any agreements reached as a result of small claims mediation shall be written in the form of a stipulation. After court review tThe stipulation shall may be entered as an order of the court.

RULE 1.800 CASE ELIGIBILITY FOR COURT-ORDERED NON-BINDING ARBITRATION EXCLUSIONS FROM ARBITRATION
The following categories of claims shall not be referred to non-binding arbitration except upon petition of all parties:
(1) Appeals from rulings of administrative agencies.
(2) Bond estreatures.
(3) Forfeitures of seized properties.
(4) Habeas corpus or other extraordinary writs.
(5) Bond validations.
(6) Declaratory relief.
(7) Collection matters supported by duly executed promissory obligations.
(8) Mortgage foreclosures.
(9) Condemnation actions.
(10) Proceedings under chapters 61, 63, 88, and 742, Florida Statutes.
(11) Name changes.
(12) Any litigation expedited by statute or rule.
(13) Cases in which there has been previous statutorily mandated arbitration.
(14) Civil or criminal contempt.
(15) Such other matters as may be specified by order of the chief judge in the circuit.
(16) Cases referred to mediation pursuant to Rule 1.700(a) of these rules.
A civil action shall be ordered to arbitration or arbitration in conjunction with mediation upon stipulation of the parties. A civil action may be ordered to arbitration or arbitration in conjunction with mediation upon motion of any party or by the court, if the judge determines the action to be of such a nature that arbitration could be of benefit to the litigants or the court. Under no circumstances may the following categories of actions be referred to arbitration:
(1) Bond estreatures.
(2) Habeas corpus or other extraordinary writs.
(3) Bond validations.
(4) Civil or criminal contempt.
(5) Such other matters as may be specified by order of the Chief Judge in the Circuit.

Committee Note
The Supreme Court Committee on Mediation and Arbitration Rules encourages crafting a combination of dispute resolution processes without creating an unreasonable barrier to the traditional court system.

RULE 1.810 SELECTION, QUALIFICATION, TRAINING, AND COMPENSATION OF ARBITRATORS
(a) Selection. The chief judge of the circuit or a designee shall maintain a list of qualified persons who have agreed to serve as arbitrators. Cases assigned to arbitration shall be assigned to an arbitrator or to a panel of 3 arbitrators. The court shall determine the number of arbitrators and designate them within 15 days after service of the order of referral in the absence of an agreement by the parties. In the case of a panel, one of the arbitrators shall be appointed as the chief arbitrator. Where there is only one arbitrator, that person shall be the chief arbitrator.
(b) Qualification. Arbitrators shall be members of The Florida Bar, except where otherwise agreed by the parties. The chief arbitrator shall have been a member of The Florida Bar for at least 5 years. Individuals who are not members of The Florida Bar may serve as arbitrators upon the agreement of all parties.
(c) Training. All arbitrators shall attend 4 hours of training in a program approved by the Supreme Court of Florida.
(d)(b) Compensation. The chief judge of each judicial circuit shall establish the compensation of arbitrators subject to the limitations *347 in section 44.303(2) 44.103(2), Florida Statutes (1987).

RULE 1.820 HEARING PROCEDURES FOR NON-BINDING ARBITRATION
(a) Authority of the Chief Arbitrator. The chief arbitrator shall have authority to commence and adjourn the arbitration hearing and carry out other such duties as are prescribed by section 44.303 44.103, Florida Statutes. The chief arbitrator shall not have authority to hold any person in contempt or to in any way impose sanctions against any person.
(b) Conduct of the Arbitration Hearing.
(1) The chief judge of each judicial circuit shall set procedures for determining the time and place of the arbitration hearing and may establish other procedures for the expeditious and orderly operation of the arbitration hearing to the extent such procedures are not in conflict with any rules of court.
(2) Hearing procedures established by the court should be disseminated to the local bar and shall be included in the notice of arbitration hearing sent to the parties and arbitration panel.
(3) Individual parties or authorized representatives of corporate parties shall attend the arbitration hearing unless excused in advance by the chief arbitrator for good cause shown.

... .
(f) Record and Transcript. Any party may have a record and transcript made of the arbitration hearing at the that party's expense.
(g) Completion of the Arbitration Process.

... .
(3) Within 10 days of the final adjournment of the arbitration hearing, the arbitrator(s) shall, in writing, notify the parties, in writing, of their decision on a form approved by the supreme court. The arbitration decision may set forth the issues in controversy and the arbitrator('s) (s') conclusions and findings of fact and law. The arbitrator('s)(s') decision and the originals of any transcripts shall be sealed and filed with the clerk at the time the parties are notified of the decision.
(h) Time for Filing Motion for Trial De Novo. Any party may file a motion for a trial de novo. If a motion for a trial de novo is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.303(4) 44.103(4), Florida Statutes (1987).
Committee Note
The Supreme Court Committee on Mediation and Arbitration Rules recommends that a copy of the local arbitration procedures be disseminated to the local bar.

RULE 1.830 VOLUNTARY BINDING ARBITRATION
(a) Absence of Party Agreement.
(1) Compensation. In the absence of an agreement by the parties as to compensation of the arbitrator(s), the court shall determine the amount of compensation subject to the provisions of section 44.304(3) 44.104(3), Florida Statutes (1987).
(2) Hearing Procedures. Subject to these rules and section 44.304 44.104, Florida Statutes, the parties may, by written agreement before the hearing, establish the hearing procedures for voluntary binding arbitration. In the absence of such agreement, the court shall establish the hearing procedures.

... .
(c) Arbitration Decision and Appeal.
(1) The arbitrator(s) shall serve the parties with notice of the decision and file the decision with the court within 10 days of the final adjournment of the arbitration hearing.
(2) A voluntary binding arbitration decision may be appealed within 30 days after service of the decision on the parties. Appeal is limited to the grounds specified in section 44.304(10) 44.104(10), Florida Statutes (1987).
(3) If no appeal is filed within the time period set out in subdivision (2) of this rule, the decision shall be referred to the presiding judge who shall enter such orders and judgments as required to carry out the terms *348 of the decision as provided under section 44.304(11) 44.104(11), Florida Statutes (1987).

Florida Rules for Certified and Court-Appointed Mediators

Rule 10.010 GENERAL QUALIFICATIONS
(a) County Court Mediators. For certification a mediator of county court matters must be certified as a circuit court or family mediator or:
(1) complete a minimum of 20 hours in a training program certified by the Ssupreme Ccourt;
(2) observe a minimum of 4 county court mediation conferences conducted by a court-certified mediator and conduct 4 county court mediation conferences under the supervision and observation of a court-certified mediator; and
(3) be of good moral character; or
(4) be certified as a circuit court or family mediator.
(b) Family Mediators. For certification a mediator of family and dissolution of marriage issues must:
(1) complete a minimum of 40 hours in a family mediation training program certified by the Ssupreme Ccourt;
(2) have a master's degree or doctorate in social work, mental health, or behavioral or social sciences; or be a physician certified to practice adult or child psychiatry; or be an attorney or a certified public accountant licensed to practice in any United States jurisdiction; and have at least 4 years practical experience in one of the aforementioned fields; or have 8 years family mediation experience with a minimum of 10 mediations per year;

...
(c) Circuit Court Mediators. For certification a mediator of circuit court matters, other than family matters, must:
(1) complete a minimum of 40 hours in a circuit court mediation training program certified by the Ssupreme Ccourt;
(2) be a member in good standing of tThe Florida Bar with at least 5 years of Florida practice and be an active member of tThe Florida Bar within one1 year of application for certification;. This paragraph notwithstanding, the chief judge, upon written request setting forth reasonable and sufficient grounds, may certify as a circuit court mediator a retired judge who was a member of the bar in the state in which the judge presided. The judge must have been a member in good standing of the bar of another state for at least 5 years immediately preceding the year certification is sought and must meet the training requirements of (c)(1); or be a retired trial judge from any United States jurisdiction who was a member in good standing of the bar in the state in which the judge presided for at least 5 years immediately preceding the year certification is sought;
(3) observe 2 circuit court mediations conducted by a certified circuit mediator and conduct 2 circuit mediations under the supervision and observation of a certified circuit court mediator; and
(4) be of good moral character.

...

Rule 10.050. THE MEDIATION PROCESS

...
(c) Avoidance of Delays. A mediator shall plan a work schedule so that present and future commitments will be fulfilled in a timely manner. A mediator shall refrain from accepting appointments when it becomes apparent that completion of the mediation assignments accepted cannot be done in a timely fashion. A mediator shall perform the mediator'smediation services in a timely and expeditious fashion, avoiding delays wherever possible.

Rule 10.060. SELF-DETERMINATION
...
(e) Responsibility to Nonparticipating Parties. A mediator shall promote consideration of the interests of persons affected by actual or potential agreements and who are not represented at the bargaining table.

*349 ...

Rule 10.070. IMPARTIALITY

...
(a)(3) A mediator shall not give or accept or give a gift, request, favor, loan, or any other item of value to or from a party, attorney, or any other person involved in and arising from any mediation process.

...

Committee Notes

...
Mediators establish personal relationships with many representatives, attorneys, mediators, and other members of various professional associations. There should be no attempt to be secretive about such friendships or acquaintances, but disclosure is not necessary unless some feature of a particular relationship might reasonably appear to impair impartiality.
Rule 10.100. FEES AND EXPENSES
(a) General Requirements. A mediator occupies a position of trust with respect to the parties and the courts. In charging for services and expenses, the mediator must be governed by the same high standards of honor and integrity that apply to all other phases of the mediator's work. A mediator must endeavor to keep total charges for services and expenses reasonable and consistent with the nature of the case. If fees are charged, a mediator shall give a written explanation of the fees and related costs, including time and manner of payment, to the parties prior to the mediation. The explanation shall include:
(1) Tthe basis for and amount of charges, if any, for:

...
(E) preparation of the parties' written mediation agreement; and
(F) all other items billed by the mediator; and
(2) Tthe parties' pro rata share of mediation fees and costs if previously determined by the court or agreed to by the parties.

...

Rule 10.130. ADVERTISING
All advertising by a mediator must represent honestly the services to be rendered. No claims of specific results or promises which imply favoritism to one side should be made for the purpose of obtaining business. A mediator shall make only accurate statements about the mediation process, its costs and benefits, and about the mediator's qualifications.

Rule 10.140. RELATIONSHIPS WITH OTHER PROFESSIONALS
(a) Responsibility of the Mediator Toward Other Mediators.

...
(2) Co-mMediation. In those situations where more than one1 mediator is participating in a particular case, each mediator has a responsibility to keep the others informed of developments essential to a cooperative effort. The wishes of the parties supersede the interests of the mediators.
(b) Relationship Wwith Other Professionals.
(1) Cooperation. A mediator should respect the relationship between mediation and other professional disciplines including law, accounting, mental health, and the social services and should promote cooperation between mediators and other professionals.

...

Rule 10.160. SCOPE AND PURPOSE
These rules apply to all proceedings before all panels and committees of the mediator qualifications board involving the discipline or decertification of certified mediators or noncertified mediators appointed to mediate a case pursuant to Florida Rules of Civil Procedure 1.700 through 1.750. The purpose of these rules of discipline is to provide a means for enforcing the Florida rules for Certified and Court-aAppointed Mediators.

Rule 10.190. MEDIATOR QUALIFICATIONS BOARD
(a) Generally. The mediator qualifications board shall be composed of 3 standing divisions that shall be located in the following regions:
*350 (1) One division in north Florida, encompassing the First, Second, Third, Fourth, Eighth, and Fourteenth Jjudicial Ccircuits;.
(2) One division in central Florida, encompassing the Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, and Eighteenth Jjudicial Ccircuits;.
(3) One division in south Florida, encompassing the Eleventh, Fifteenth, Sixteenth, Seventeenth, Nineteenth, and Twentieth Jjudicial Ccircuits.
Other divisions may be formed by the Ssupreme Ccourt based on need.
(b) Composition of Divisions. Each division of the board shall be composed of the following members:
(1) three circuit or county judges;
(2) three certified county mediators;
(3) three certified circuit mediators;
(4) three certified family mediators, at least 2 of whom shall be nonlawyers; and
(5) three attorneys licensed to practice law in Florida who have a substantial trial practice and are neither certified as mediators nor judicial officers during their terms of service on the board, at least one1 of whom shall have a substantial divorce law practice.
(c) Appointment; Terms. Eligible persons shall be appointed to the board by the chief justice of the Supreme Court of Florida for a period of 4 years. The terms of the board members shall be staggered. The initial terms of the members shall be as follows:
(1) The judge members and the certified family mediators will be appointed for 2-year terms.
(2) The certified circuit mediators, the certified county mediators, and the members of tThe Florida Bar will be appointed for 4-year terms.
(d) Panels. Each panel of the board shall be composed of 5 members. A panel shall cease to exist after disposing of all assigned cases. Each panel shall be composed of:
(1) one circuit or county judge, who shall serve as the chair;
(2) three certified mediators, at least one1 of whom shall be certified in the area to which the complaint refers; and
(3) one attorney.

...

Rule 10.200. JURISDICTION
(a) Generally. Each panel shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any proceeding. The judge presiding over each panel has the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, and to order the production of records or other documentary evidence, and the power of contempt.
(b) No Investigatory Function. The panel shall have adjudicatory functions only. The panel shall not have any investigatory functions.

Rule 10.240. SANCTIONS
(a) Generally. The panel may impose one or more of the following sanctions:
(1) iImposition of costs of the proceeding;.
(2) oOral admonishment;.
(3) wWritten reprimand;.
(4) aAdditional training to be completed;.
(5) rRestriction on types of cases which can be mediated in the future;.
(6) sSuspension for a period of up to one1 year;.
(7) dDecertification or, if the mediator is not certified, bar from service as a mediator under the Florida Rules of Civil Procedure.
(b) Decertified Mediators. If a mediator has been decertified or barred from service pursuant to these rules, the mediator shall not thereafter be certified in any circuit nor assigned to mediate a case pursuant to Florida Rule of Civil Procedure 1.700 nor be designated as a mediator pursuant to rule 1.720(f) unless reinstated.

...
(e) Reinstatement. A mediator who has been suspended or decertified may be reinstated as a certified mediator. Except as otherwise provided in the decision of the panel, no application for reinstatement may *351 be tendered within 2 years after the date of decertification. The reinstatement procedures shall be as follows:
(1) A petition for reinstatement, together with 3 copies, shall be made in writing, verified by the petitioner, and filed with the center.
(2) The petition for reinstatement shall contain:
(A) the name, age, residence, and address of the petitioner;

...

Rule 10.290. SUPREME COURT REVIEW
(a) Right of Review. There shall be a right of review from a determination made by the panel. Review of this type shall be under the jurisdiction of the Florida Supreme Court. Notice of review shall be filed with the clerk of the Florida Supreme Court.
(b) Rules of Procedure. The Florida Rules of Appellate Procedure shall be applicable to review by the Florida Supreme Court of Florida.

...

Rule 10.300 MEDIATOR QUALIFICATIONS ADVISORY PANEL
(a) Appointment. The Mediator Qualifications Advisory Panel shall be composed of 9 members, 3 from each geographic division served by the Mediator Qualifications Board. No member of the Mediator Qualifications Board shall serve on the advisory panel.
(b) Membership and Terms. The membership of the panel shall be composed of 1 county mediator, 1 family mediator, and 1 circuit mediator from each division and shall be appointed by the chief justice. The initial terms shall be as follows: county mediators  2 years, family mediators  3 years, circuit mediators  4 years. All successive appointments shall be for 4 years. The panel shall select 1 member as chair and 1 member as vice-chair. No member shall serve more than 2 consecutive terms.
(c) Meetings. The panel shall meet as necessary to consider requests for advisory opinions. All such requests, which shall be in writing, shall be considered only if received from mediators subject to the mediation rules. At the direction of the chair, in the case where a meeting is not justified on the basis of the expense that would be incurred, and after consideration of the number of requests for opinions, the panel may vote by mail.
(d) Quorum. The quorum for a meeting of the panel shall be 5 members, whether action is to be taken at a meeting or by mail. A majority of all members shall be required to concur in any advisory opinion issued by the panel. After due deliberation the panel shall render opinions, which shall be consistent with supreme court decisions on mediator discipline, the Rules for Certified and Court-Appointed Mediators, and previous opinions of the panel.
(e) Effect of Opinions. While reliance by a mediator on an opinion of the panel shall not constitute a defense in any disciplinary proceeding, it shall be evidence of good faith and may be considered by the board in relation to any determination of guilt or in mitigation of punishment. No opinion issued to one mediator shall provide evidence of the good faith of any conduct taken by any other mediator unless the underlying facts are identical.
(f) Confidentiality. In any opinion issued by the panel all references to the requesting mediator shall be deleted.
(g) Opinions. All opinions of the panel shall be in writing, with a copy provided to the Florida Dispute Resolution Center. The Center shall make such opinions available, upon request, to any mediator or the public.
(h) Staff Assistance. The Florida Dispute Resolution Center shall provide staff assistance to the panel.

FLORIDA RULES FOR COURT-APPOINTED ARBITRATORS

PART I Arbitrator Qualifications

Rule 1.810(b) 11.010 Qualification.
Arbitrators shall be members of The Florida Bar, except where otherwise agreed by the parties. The chief arbitrator shall have *352 been a member of The Florida Bar for at least 5 years. Individuals who are not members of The Florida Bar may serve as arbitrators only on an arbitration panel and then only upon the written agreement of all parties.

Rule 1.810(c) 11.020 Training.
All arbitrators, except as noted below, shall attend 4 hours of training in a program approved by the Supreme Court of Florida. This rule shall not preclude the parties from agreeing to use the services of an arbitrator who has not completed the required training. Any former Florida trial judge who has not completed the training shall be exempt from the training requirements upon submission of documentation of such experience to the chief judge. The supreme court or chief justice may grant a waiver of the training requirement to any group possessing special qualifications which obviate the necessity of such training.

PART II Standards of Professional Conduct

Rule 11.030 Preamble
(a) Scope; Purpose. These rules are intended to instill and promote public confidence in arbitration conducted pursuant to chapter 44, Florida Statutes, and to be a guide to arbitrator conduct. As with other forms of dispute resolution, arbitration must be built on public understanding and confidence. Persons serving as arbitrators are responsible to the parties, the public, and the courts to conduct themselves in a manner which will merit that confidence. These rules apply to all arbitrators who participate in arbitration conducted pursuant to chapter 44 and are a guide to arbitrator conduct in discharging their professional responsibilities in the arbitration of cases in the State of Florida.
(b) Arbitration Defined. Pursuant to chapter 44, Florida Statutes, arbitration is a process whereby a neutral third person or panel considers the facts and arguments presented by the parties and renders a decision which may be binding or nonbinding.

Rule 11.040 General Standards and Qualifications
(a) Integrity, Impartiality, and Competence. Integrity, impartiality, and professional competence are essential qualifications of any arbitrator. An arbitrator is in a relation of trust to the parties and shall adhere to the highest standards of integrity, impartiality, and professional competence in rendering professional service.
(1) An arbitrator shall not accept any engagement, perform any service, or undertake any act which would compromise the arbitrator's integrity.
(2) An arbitrator shall maintain professional competence in arbitration skills including, but not limited to:
(A) staying informed of and abiding by all statutes, rules, and administrative orders relevant to the practice of arbitration conducted pursuant to chapter 44, Florida Statutes; and
(B) regularly engaging in educational activities promoting professional growth.
(3) An arbitrator shall decline appointment, withdraw, or request technical assistance when the arbitrator decides that a case is beyond the arbitrator's competence.
(b) Concurrent Standards. Nothing herein shall replace, eliminate, or render inapplicable relevant ethical standards, not in conflict with these rules, which may be imposed upon any arbitrator by virtue of the arbitrator's professional calling.
(c) Continuing Obligations. The ethical obligations begin upon acceptance of the appointment and continue throughout all stages of the proceeding. In addition, whenever specifically set forth in these rules, certain ethical obligations begin as soon as a person is requested to serve as an arbitrator, and certain ethical obligations continue even after the decision in the case has been given to the parties.

Rule 11.050 Responsibilities to the Courts
An arbitrator shall be candid, accurate, and fully responsive to a court concerning the arbitrator's qualifications, availability, and all other pertinent matters. An arbitrator *353 shall observe all administrative policies, local rules of court, applicable procedural rules, and statutes. An arbitrator is responsible to the judiciary for the propriety of the arbitrator's activities and must observe judicial standards of fidelity and diligence. An arbitrator shall refrain from any activity which has the appearance of improperly influencing a court to secure placement on a roster or appointment to a case, including gifts or other inducements to court personnel.

Rule 11.060 The Arbitration Process
(a) Avoidance of Delays. An arbitrator shall plan a work schedule so that present and future commitments will be fulfilled in a timely manner. An arbitrator shall refrain from accepting appointments when it becomes apparent that completion of the arbitration assignments accepted cannot be completed in a timely fashion. An arbitrator shall perform the arbitrator's services in a timely and expeditious fashion, avoiding delays whenever possible.

(b) Conduct of Proceedings.
(1) An arbitrator shall conduct the proceedings evenhandedly and treat all parties with equality and fairness at all stages of the proceedings.
(2) An arbitrator must afford a hearing which provides both parties the opportunity to present their respective positions pursuant to the arbitration rules.
(3) An arbitrator should be patient and courteous to the parties, to their lawyers, and to the witnesses and should encourage similar conduct by all participants in the proceedings.

(c) Decision-Making.
(1) An arbitrator should, after careful deliberation, decide all issues submitted for determination. An arbitrator should decide no other issues.
(2) An arbitrator should not delegate the duty to decide to any other person.
(3) If all parties agree upon a settlement of the issues in dispute and request an arbitrator to embody that agreement in an award, an arbitrator may do so, but is not required to do so unless satisfied with the propriety of the terms of the settlement. Whenever an arbitrator embodies a settlement by the parties in an award, the arbitrator should state in the award that it is based on an agreement of the parties.
(d) The Award. The award should be definite, certain, and as concise as possible.

Rule 11.070 Ex Parte Communication.
(a) General. Arbitrators communicating with the parties should avoid impropriety or the appearance of impropriety.
(b) When Permissible. Arbitrators should not discuss a case with any party in the absence of each other party, except in the following circumstances:
(1) Discussions may be held with a party concerning such matters as setting the time and place of hearings or making other arrangements for the conduct of the proceedings. However, the arbitrator should promptly inform each other party of the discussion and should not make any final determination concerning the matter discussed before giving each absent party an opportunity to express its views.
(2) If a party fails to be present at a hearing after having been given due notice, the arbitrator may discuss the case with any party who is present.
(3) If all parties request or consent, such discussion may take place.
(c) Written Communications. Whenever an arbitrator communicates in writing with one party, the arbitrator should at the same time send a copy of the communication to each other party. Whenever an arbitrator receives any written communication concerning the case from one party which has not already been sent to each other party, the arbitrator should do so.

Rule 11.080 Impartiality
(a) Impartiality. An arbitrator shall be impartial and advise all parties of any circumstances bearing on possible bias, prejudice, or impartiality. Impartiality means freedom from favoritism or bias in word, action, and appearance.
(1) Arbitrators should conduct themselves in a way that is fair to all parties and should *354 not be swayed by outside pressure, public clamor, fear of criticism, or self-interest.
(2) An arbitrator shall withdraw from an arbitration if the arbitrator believes the arbitrator can no longer be impartial.
(3) An arbitrator shall not give or accept a gift, request, favor, loan, or other item of value to or from a party, attorney, or any other person involved in and arising from any arbitration process.
(4) After accepting appointment, and for a reasonable period of time after the decision of the case, an arbitrator should avoid entering into family, business, or personal relationships which could affect impartiality or give the appearance of partiality, bias, or influence.
(b) Conflicts of Interest and Relationships; Required Disclosures; Prohibitions
(1) An arbitrator must disclose any current, past, or possible future representation or consulting relationship with any party or attorney involved in the arbitration. Disclosure must also be made of any pertinent pecuniary interest. All such disclosures shall be made as soon as practical after the arbitrator becomes aware of the interest or relationship.
(2) An arbitrator must disclose to the parties or to the court involved any close personal relationship or other circumstance, in addition to those specifically mentioned earlier in this rule, which might reasonably raise a question as to the arbitrator's impartiality. All such disclosures shall be made as soon as practical after the arbitrator becomes aware of the interest or relationship.
(3) The burden of disclosure rests on the arbitrator. After disclosure, the arbitrator may serve if both parties so desire. If the arbitrator believes or perceives that there is a clear conflict of interest, the arbitrator should withdraw, irrespective of the expressed desire of the parties.
(4) An arbitrator shall not use the arbitration process to solicit, encourage, or otherwise incur future professional services with either party.

Committee Notes
1994 Adoption. The duty to disclose potential conflicts includes the fact of membership on a board of directors, full-time or part-time service as a representative or advocate, consultation work for a fee, current stock or bond ownership (other than mutual fund shares or appropriate trust arrangements), or any other pertinent form of managerial, financial, or immediate family interest of the party involved. An arbitrator who is a member of a law firm is obliged to disclose any representational relationship the member firm may have had with the parties.
Arbitrators establish personal relationships with many representatives, attorneys, arbitrators, and other members of various professional associations. There should be no attempt to be secretive about such friendships or acquaintances, but disclosure is not necessary unless some feature of a particular relationship might reasonably appear to impair impartiality.

Rule 11.090 Relationship With Other Professionals
When there is more than one arbitrator, the arbitrators should afford each other the full opportunity to participate in all aspects of the proceedings.

Rule 11.100 Fees and Expenses
An arbitrator occupies a position of trust with respect to the parties and the courts. In charging for services and expenses, the arbitrator must be governed by the same high standard of honor and integrity which applies to all other phases of the arbitrator's work. An arbitrator must keep total charges for services and expenses reasonable and consistent with the nature of the case or within statutory payment limitations.

Rule 11.110 Training and Education
(a) Training. An arbitrator is obligated to acquire knowledge and training in the arbitration process, including an understanding of appropriate professional ethics, standards, and responsibilities. Upon request, an arbitrator is required to disclose the extent and nature of the arbitrator's training and experience.
(b) Continuing Education. It is important that arbitrators continue their professional *355 education throughout the period of their active service. An arbitrator shall be personally responsible for ongoing professional growth, including participation in such continuing education as may be required by law.
(c) New Arbitrator Training. An experienced arbitrator should cooperate in the training of new arbitrators.

Rule 11.120 Advertising
All advertising by an arbitrator must represent honestly the services to be rendered. No claims of specific results or promises which imply favoritism to one side should be made for the purpose of obtaining business. An arbitrator shall make only accurate statements about the arbitration process, its costs and benefits, and the arbitrator's qualifications.

PART III DISCIPLINE

Rule 11.130 Chief Judge's Responsibility
Arbitrators shall serve at the pleasure of the chief judge, who shall be responsible for enforcing the rules of conduct for arbitrators appointed pursuant to chapter 44, Florida Statutes.

Committee Notes
1994 Adoption. The Florida Supreme Court Standing Committee on Mediator and Arbitrator Rules believes that arbitrator discipline, unlike mediator discipline, should be administered by the chief judge rather than by a board appointed for that purpose. The primary reason for this distinction is that there is presently no statewide arbitrator certification process. Rather, arbitrators are made eligible by placement on a list by the chief judge. See Florida Rule of Civil Procedure 1.810(a). It was the feeling of the committee that a method of removal consistent with that of appointment, that is, discretion of the chief judge, would also be appropriate. The rules make the chief judge responsible for enforcing the rules of conduct for arbitrators appointed pursuant to chapter 44, Florida Statutes.
The committee reserves the right to reconsider the effectiveness of this method of discipline after observing operation for a period of time. If this method of removal proves to be ineffective, a board to conduct discipline may need to be appointed. It should, however, be noted that a similar system for the removal of quasi-judicial officers exists in relation to masters, Florida Rule of Civil Procedure 1.490(a), child support enforcement officers, Florida Rule of Civil Procedure 1.491(c), and traffic magistrates, Florida Rule of Traffic Court 6.630(c).
Appeals from decisions of the chief judge shall be taken in the same manner as any other matter appealed from the chief judge.